```
           FILED        LODGED
                        RECEIVED

           MAY 1 6 2018

        CLERK U.S. DISTRICT COURT
     WESTERN DISTRICT OF WASHINGTON AT TACOMA
  BY                                    DEPUTY
```

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| THOMAS E. PARKER, JR., QUI TAM PLAINTIFF for and on behalf of the United States of America and the State of Washington,<br><br>Plaintiff,<br><br>vs.<br><br>SEA-MAR COMMUNITY HEALTH CENTER, a Washington Public Benefit Corporation,<br><br>Defendants. | CASE NO. C18-5395 RBL<br><br>**COMPLAINT FOR FALSE CLAIMS PURSUANT TO 31 U.S.C. § 3729, 31 U.S.C. § 3730 AND RCW 74.66**<br><br>**JURY DEMAND**<br><br>**IN CAMERA AND UNDER SEAL**<br><br>☒ Clerk's Action Required to Seal File |

**COMES NOW**, Qui Tam Plaintiff, Thomas E. Parker, Jr., by and through his attorney of record, Douglas R. Cloud, and complains and alleges a cause of action as follows:

## NATURE OF THE CASE

I.

Qui Tam Plaintiff, Thomas E. Parker, Jr. (henceforth "Parker"), brings this lawsuit on behalf of the United States of America and the State of Washington pursuant to 31 U.S.C. § 3729 et seq., 31 U.S.C. § 3730 et seq., and RCW 74.66 et seq.

II.

A copy of the original Complaint and written disclosure of substantially all material written evidence and information the plaintiff possesses will be served on the United States Government pursuant to 31 U.S.C. § 3730(b)(2) and Rule 4(i) of the Federal Rules of Civil Procedure. A copy

COMPLAINT FOR FALSE CLAIMS PURSUANT TO 31 U.S.C. § 3729, 31 U.S.C. § 3730 AND RCW 74.66 - JURY DEMAND - Page 1 of 7

LAW OFFICE OF DOUGLAS R. CLOUD
1008 Yakima Avenue, Suite 202
Tacoma, Washington 98405
Phone: 253-627-1505  Fax: 253-627-8376

of this Complaint will be served concomitantly on the United States Government pursuant to 31 U.S.C. § 3730(b)(2) and Rule 4(i) of the Federal Rules of Civil Procedure. Both this Complaint and the written disclosure of the plaintiff will be served upon the Attorney General for the State of Washington.

### PARTIES, JURISDICTION AND VENUE

### III.

That the defendant, Sea-Mar Community Health Center (henceforth "Sea-Mar"), a Washington public benefit corporation, is a Federally Qualified Health Center duly organized and licensed to do business in the State of Washington with its primary business location at Seattle, County of King, State of Washington.

### IV.

This court has jurisdiction of the federal causes of action alleged herein pursuant to 31 U.S.C. § 3732(a), which provides that any action under 31 U.S.C. § 3730 may be brought in any judicial district in which the defendant or, in the case of multiple defendants, in a district where any one defendant can be found, resides, transacts business or in which any act prescribed by § 3729 occurred. This court has jurisdiction over the state law causes of action alleged herein pursuant to 31 U.S.C. § 3732(b).

### V.

That Plaintiff Parker resides in Thurston County, Washington, and is a former employee of Sea-Mar. Parker was employed by Sea-Mar in 2001. He left his employment at Sea-Mar in 2013. Mr. Parker and his family continue to receive medical and dental services from Sea-Mar.

### DEMAND FOR TRIAL BY JURY IS MADE

### VI.

The plaintiff hereby demands a trial by jury of all issues alleged herein that is triable by jury.

//

//

COMPLAINT FOR FALSE CLAIMS PURSUANT
TO 31 U.S.C. § 3729, 31 U.S.C. § 3730 AND
RCW 74.66 - JURY DEMAND - Page 2 of 7

LAW OFFICE OF DOUGLAS R. CLOUD
1008 Yakima Avenue, Suite 202
Tacoma, Washington 98405
Phone: 253-627-1505  Fax: 253-627-8376

# GENERAL ALLEGATIONS

## VII.

Sea-Mar has provided health care services to Medicare, Medicaid and Tricare beneficiaries. Medicare has two parts: Part A and Part B. Part A is the basic plan of hospital insurance which covers the cost of hospital services and related ancillary services. Part B covers the costs of physician's services and other ancillary services not covered by Part A. Medicare is a federally administrated program providing health care payment benefits to eligible beneficiaries, primarily the elderly. Medicaid is a joint state and federal program providing health care payment benefits to eligible beneficiaries, primarily individuals with disabilities, children of low income families, and other eligible beneficiaries. Funding for Medicaid is shared between the federal government and those states participating in the program, including the State of Washington. Tricare is the Department of Defense's health care program that is available to eligible beneficiaries from any one of the seven uniformed services, the U.S. Army, U.S. Navy, U.S. Marine Corps, U.S. Air Force, U.S. Coast Guard, Commissioned Corp. of the U.S. Health Services, and the National Oceanic and Atmospheric Administration. Funding for Tricare is provided by the United States Government.

## VIII.

That Sea-Mar has created several schemes to defraud the federal and state governments. They are as follows:

1. Sea-Mar is filing false claims for reimbursement and creating false documents pertaining to dental treatments in support of requests for payment from Medicaid. Pursuant to Sea-Mar policy, all patient treatments exclusively provided by dental hygienists are billed to Medicaid under a Dentist's National Provider Identification ("NPI") number and Taxonomy code.

2. Sea-Mar is filing false claims for reimbursement from Medicaid and creating documents pertaining to behavioral health treatment in support of requests for payment made to Medicaid. Sea-Mar bills under a physician assistant's NPI number and Taxonomy code for all encounters involving treatment provided exclusively by a medical assistant. Medical assistant's

COMPLAINT FOR FALSE CLAIMS PURSUANT
TO 31 U.S.C. § 3729, 31 U.S.C. § 3730 AND
RCW 74.66 - JURY DEMAND - Page 3 of 7

LAW OFFICE OF DOUGLAS R. CLOUD
1008 Yakima Avenue, Suite 202
Tacoma, Washington 98405
Phone: 253-627-1505  Fax: 253-627-8376

cannot bill Medicaid for behavioral health treatments. Thus, claims filed by Sea-Mar using a physicians' NPI number and Taxonomy code when the treatment of provided exclusively by medical assistants are false.

**3.** Sea-Mar, by billing Medicaid under an NPI number and Taxonomy code assigned to a dentist who did not provide any treatment to a Medicaid beneficiary, has violated 31 U.S.C. § 3729(a)(1)(A).

**4.** Sea-Mar, by billing Medicaid under an NPI number assigned to a physician assistant for behavioral health care exclusively provided by a medical assistant, has violated 31 U.S.C. § 3729 (a)(1)(A).

## IX.

An example of how Sea-Mar is making false claims in connection with claims for reimbursement made to the Medicaid program is as follows: On May 20, 2017, the relator, Thomas E. Parker, Jr.'s granddaughter, Lacie Chandler was brought to Sea-Mar's Dental Clinic at Tumwater, Washington by her mother, Christina Chandler. Lacie Chandler's dental care was paid for by Medicaid. During that visit, a dental hygienist exclusively provided all care received by Lacie Chandler. A document was provided by Sea-Mar to Lacie Chandler's mother, Christina Chandler, which was, in effect, an Explanation of Benefits form. The form listed the provider of the dental services as a dentist, a Dr. Yugil. No such person ever treated or even saw Lacie Chandler for treatment on May 20, 2017. That, as a corporate policy, Sea-Mar requires all dental care to be billed exclusively under a dentist's NPI and Taxonomy Code.

## X.

Thus, the defendant knowingly (which includes by definition the deliberate ignorance or reckless disregard of the truth) submitted false claims to the United States Government contrary to 31 U.S.C. § 3729(a)(1)(A) and to the State of Washington contrary to RCW 74.66 et seq. The defendant also used, or caused to be made or used, false records or false submissions to the United States Government and to Washington State to get false or fraudulent claims allowed or paid

COMPLAINT FOR FALSE CLAIMS PURSUANT
TO 31 U.S.C. § 3729, 31 U.S.C. § 3730 AND
RCW 74.66 - JURY DEMAND - Page 4 of 7

LAW OFFICE OF DOUGLAS R. CLOUD
1008 Yakima Avenue, Suite 202
Tacoma, Washington 98405
Phone: 253-627-1505   Fax: 253-627-8376

contrary to 31 U.S.C. § 3729(a)(1)(B). As a result, the defendant herein has knowingly violated 31 U.S.C. § 3729(a)(1)(A), 31 U.S.C. § 3729(a)(1)(B), 31 U.S.C. § 3729(a)(1)(C), 31 U.S.C. § 3729(a)(1)(D) and 31 U.S.C. § 3729(a)(1)(G) and have "knowingly" defrauded the United States Government as "knowingly" is defined in 31 U.S.C. § 3729(b)(1)(A).

## XI.

The defendant, by its action described herein, defrauded the United States Treasury and the Washington State Treasury and has violated their provider agreements and the applicable state and federal Medicaid billing regulations and requirements. Additionally, the defendant violated WAC 182-502-0100(1)(e).[1] The violation of the Medicaid billing regulations and information were material to the government's decision to pay the false claims described herein and submitted by the defendant to the United States Government.

## XIII.

That the defendant, as a condition of payment for charges submitted by them to the State of Washington for Medicaid services, have agreed themselves to comply with all applicable federal and state statutes, rules or regulations relating to the submitted claim(s). The defendant is bound contractually (through its provider agreements) by statute and by regulation. The defendant's Medicaid Core Provider Agreement (Form HCA 09-015 (4/13)) with the State of Washington Health Care Authority specifically requires that the defendant certify as follows:

> **3. Billing and payment.** The provider agrees:
> a. To submit claims for services rendered to eligible clients, as identified by HCA, in accordance with rules and Medicaid Provider Guides in effect at the time the service is rendered.
> b. To accept as sole and complete remuneration the amount paid in accordance with the reimbursement rate for services covered under the program, except where payment by the client is authorized by applicable rule. In no event shall HCA be responsible, either directly or indirectly, to subcontractor or any

---

[1] **WAC 182-502-0100**
**General Conditions of Payment.**
(1) The medicaid agency reimburses for medical services furnished to an eligible client when all the following apply:
. . .
(e) The provider bills according to agency rules and billing instructions; and . . .

COMPLAINT FOR FALSE CLAIMS PURSUANT
TO 31 U.S.C. § 3729, 31 U.S.C. § 3730 AND
RCW 74.66 - JURY DEMAND - Page 5 of 7

LAW OFFICE OF DOUGLAS R. CLOUD
1008 Yakima Avenue, Suite 202
Tacoma, Washington 98405
Phone: 253-627-1505  Fax: 253-627-8376

      other party that may provide services.

  c. To be held to all the terms of this Agreement even though a third party may be involved in billing claims to HCA, It is a breach of this Agreement to discount client accounts (factor) to a third party biller or to pay a third party biller a percentage of the amount collected.

. . .

**17. Certification.** This is to certify that the information provided in support of this Agreement is true and accurate and I completely understand that any falsification or concealment of a material fact may be prosecuted under federal and state laws. Willful misstatement of any material fact in the enrollment application may result in criminal prosecution. I acknowledge that this is being signed under the penalties of perjury and understand that HCA is relying on the accuracy of the information I have presented. I agree to abide by the terms of this Agreement including all applicable federal and state statutes, rules, and policies.

That a sample Core Provider Agreement of the Washington Health Authority is attached hereto and incorporated herein by this reference as Exhibit "1," Form HCA 09-015 (4/13), and is incorporated by this reference. The submissions of a false claim, as the term "claim" is defined in 31 U.S.C. § 3729(b)(2), to the State of Washington, damages the United States and the State of Washington.

### XIV.

In order to acquire Medicare and Medicaid funds, the defendant and its affiliated entities acted individually and/or conspired together and engaged in fraudulent activity contrary to 31 U.S.C. § 3729(a)(1)(A), 31 U.S.C. § 3729(a)(1)(B) and 31 U.S.C. § 3729(a)(1)(c). The defendant did this by submitting statements in its provider agreements, as set forth herein, in support of claims which it knew were false to the Center for Medicare Services, to the Washington State Department of Social and Health Services, and other state agencies or agents in Washington. The acts alleged herein are believed to pre-date 2013.

**WHEREFORE**, plaintiff requests that this Court enter a judgment for his and on behalf of the United States Government, and against the defendant named herein for an amount consistent with the evidence, together with the cost of litigation, interest and reasonable attorney fees in accordance with 31 U.S.C. § 3730 and RCW 74.66.020.

//

COMPLAINT FOR FALSE CLAIMS PURSUANT
TO 31 U.S.C. § 3729, 31 U.S.C. § 3730 AND
RCW 74.66 - JURY DEMAND - Page 6 of 7

**LAW OFFICE OF DOUGLAS R. CLOUD**
1008 Yakima Avenue, Suite 202
Tacoma, Washington 98405
Phone: 253-627-1505  Fax: 253-627-8376

## REQUEST FOR RELIEF ON ALL COUNTS.

**WHEREFORE,** Plaintiff Parker requests that this Court enter a judgment for him and on behalf of the United States Government and on behalf of the State of Washington, and against the defendant named herein as follows:

1. For compensatory damages in an amount consistent with the evidence, according to proof;

2. For treble damages pursuant to 31 U.S.C. § 3729;

3. For a civil penalty assessment for each false claims made by defendant pursuant to 31 U.S.C. § 3729;

4. For a civil penalty assessment for each false claim made by the defendant, plus three times the amount of the actual damages sustained by a government entity pursuant to RCW 74.66.020;

5. For interest on such damages awarded at the legal rate from the date of judgment until paid;

6. For the cost of this litigation, and reasonable attorney fees pursuant to federal and state law set forth above;

7. For such other and further relief as the Court deems just and proper; and

8. For trial of the claims alleged herein by jury.

**DATED** this 16th day of May, 2018.

LAW OFFICE OF DOUGLAS R. CLOUD

DOUGLAS R. CLOUD, WSBA #13456
Law Office of Douglas R. Cloud
1008 Yakima Avenue, Suite 202
Tacoma, WA 98405
Telephone: 253-627-1505
Fax: 253-627-8376
E-mail: drc@dcloudlaw.com
Attorney for Plaintiff, Thomas E. Parker, Jr.

COMPLAINT FOR FALSE CLAIMS PURSUANT TO 31 U.S.C. § 3729, 31 U.S.C. § 3730 AND RCW 74.66 - JURY DEMAND - Page 7 of 7

LAW OFFICE OF DOUGLAS R. CLOUD
1008 Yakima Avenue, Suite 202
Tacoma, Washington 98405
Phone: 253-627-1505  Fax: 253-627-8376

# Exhibit "1"


Washington State
Health Care Authority

# CORE PROVIDER AGREEMENT

The Health Care Authority (HCA) administers medical assistance and medical care programs for eligible clients. HCA provides medical assistance or medical care to certain eligible clients by enrolling eligible providers of medical services.

HCA reimburses enrolled eligible providers for covered medical services, equipment, and supplies they provide to eligible clients. To be eligible for enrollment, a provider must:

a. Agree to and sign this Core Provider Agreement ("Agreement");
b. Complete and sign a Medicaid Provider Disclosure Statement;
c. Complete an online enrollment application
d. Complete and sign a Debarment Statement;
e. Be an eligible provider and meet the conditions contained in WAC 182-502-0010;
f. Meet all the applicable state and/or federal licensure requirements to assure HCA of his/her qualifications to perform services under this Agreement. This includes maintaining professional licensure in good standing without any stipulation in the provider's license.

This Agreement will be effective and a provider will be considered a participating provider once the provider completes the above requirements and signs this Agreement, and HCA issues a provider number.

As a participating provider in the medical assistance and medical care programs, hereafter known as Provider, the Provider agrees to the following:

1. **Governing Law and Venue.** This Agreement shall be governed by the laws of the state of Washington. The jurisdiction for all lawsuits in which the Provider alleges a breach of this Agreement shall be exclusively in the Superior Court for the state of Washington. Venue for any such lawsuits shall be in the Superior Court for Thurston County, Washington.

   The medical assistance and medical care programs are authorized and governed by Title XIX of the Social Security Act, Title XXI of the Social Security Act, Chapter IV of Title 42 of the Code of Federal Regulations (CFR), Chapter 74.09 of the Revised Code of Washington (RCW), and Titles 182 and 388 of the Washington Administrative Code (WAC). The Provider is subject to and shall comply with all federal and state laws, rules, and regulations and all program policy provisions, including Pre-2012 Numbered Memoranda, Provider Notices, Medicaid Provider Guides, and other associated written HCA issuances in effect at the time the service is rendered, which are incorporated into this Agreement by this reference.

2. **License.** The Provider shall be licensed, certified, or registered as required by state and/or federal law. The Provider will notify HCA within seven (7) calendar days of learning of any adverse action initiated against the license, certification, or registration of the Provider or any of its officers, agents, or employees.

3. **Billing and Payment.** The Provider agrees:
   a. To submit claims for services rendered to eligible clients, as identified by HCA, in accordance with rules and Medicaid Provider Guides in effect at the time the service is rendered.
   b. To accept as sole and complete remuneration the amount paid in accordance with the reimbursement rate for services covered under the program, except where payment by the client is authorized by applicable rule. In no event shall HCA be responsible, either directly or indirectly, to any subcontractor or any other party that may provide services.
   c. To be held to all the terms of this Agreement even though a third party may be involved in billing claims to HCA. It is a breach of this Agreement to discount client accounts (factor) to a third party biller or to pay a third party biller a percentage of the amount collected.

4. **Disclosure.** At the time the provider enters into this Agreement, or renews this Agreement, or at any time upon request by HCA or the federal Department of Health and Human Services, the Provider agrees to submit full and complete disclosure of the following:
   a. Ownership and control information as required by 42 CFR § 455.104;
   b. Information related to business transactions as required by 42 CFR § 455.105;
   c. Information on persons convicted of crimes as required by 42 CFR § 455.106; and
   d. Any denial, termination, or lack of professional liability coverage, or any change in professional liability coverage, including restrictions, modifications, or discontinuing coverage.

   At any time during the course of this Agreement, the Provider agrees to notify HCA of any material and/or substantial changes in information contained on the Medicaid Provider Disclosure Statement given to the HCA by the Provider. This notification must be made in writing within thirty (30) calendar days of the event triggering the reporting obligation. Material and/or substantial changes include, but are not limited to changes in:
   a. Ownership;
   b. Licensure;
   c. Federal tax identification number;
   d. Additions, deletions, or replacements in group membership; and
   e. Any change in address or telephone number.

5. **False Claims Act Education.** If the Provider receives annual Medicaid payments of $5 million or more, the Provider must comply with the requirements of 42 USC § 1396a(a)(68).

6. **National Provider Identifier (NPI).** The Provider must provide its NPI to HCA (if eligible for an NPI) and include its NPI on all claims submitted.

7. **Inspection; Maintenance of Records.** For six (6)-years from the date of services, or longer if required specifically by law, the Provider shall:
   a. Keep complete and accurate medical and fiscal records that fully justify and disclose the extent of the services or items furnished and claims submitted to HCA.
   b. Make available upon request appropriate documentation, including client records, supporting material, and any information regarding payments claimed by the Provider, for review by the professional staff within HCA or the U.S. Department of Health and Human Services. The Provider understands that failure to submit or failure to retain adequate documentation for services billed to HCA may result in recovery of payments for medical services not adequately documented, and may result in the termination or suspension of the Provider from participation in the medical assistance and medical care programs.

8. **Audit or Investigation.** Audits or investigations may be conducted to determine compliance with the rules and regulations of the program. If an audit or investigation is initiated, the Provider shall retain all original records and **supportive** materials until the audit is completed and all issues are resolved, even if the period of retention extends beyond the required 6-year period.

9. **Disputes.** Any party may initiate a dispute concerning this Agreement under the dispute resolution processes in Titles 182 and 388 WAC applicable to the specific subject matter of the dispute.

   Neither party may dispute a termination of this Agreement for convenience or for loss of funding under Section 10 Termination.

10. **Termination.** HCA shall deny or terminate this Agreement for cause according to applicable WAC. Either HCA or the Provider may terminate this agreement for convenience at any time upon 30 calendar days' written notification to the other. In the event that funding from state, federal, or other sources is withdrawn, reduced, or limited in any way, HCA may terminate this Agreement. If this Agreement is terminated for any reason, HCA shall pay only for services authorized and provided through the date of termination.

11. **Advance Directives.** Hospitals, nursing facilities, providers of home health care and personal care services, hospices and HMOs must comply with the advance directive requirements as required by 42 CFR 489, Subpart I and 42 CFR 417.436.
12. **Provider Not Employee Or Agent.** The Provider or its directors, officers, partners, employees and agents are not employees or agents of HCA.
13. **Assignment.** The Provider may not assign this Agreement, or any rights or obligations contained in this Agreement, to a third party without the written consent of HCA.
14. **Confidentiality.** The Provider may use personal information and other information gained by reason of this Agreement only for the purpose of this Agreement. The Provider shall not disclose, transfer, or sell any such information to any party, except as provided by law.
15. **Indemnification and Hold Harmless.** The Provider shall be responsible for and shall indemnify and hold HCA harmless from all liability resulting from the acts or omissions of the Provider or any subcontractor.
16. **Severability.** The provisions of the Agreement are severable. If any provision of the Agreement is held invalid by any court, that invalidity shall not affect the other provisions of this Agreement and the invalid provision shall be considered modified to conform to existing law.
17. **Certification.** This is to certify that the information provided in support of this Agreement is true and accurate and I completely understand that any falsification or concealment of a material fact may be prosecuted under federal and state laws. Willful misstatement of any material fact in the enrollment application may result in criminal prosecution. I acknowledge that this is being signed under the penalties of perjury and understand that HCA is relying on the accuracy of the information I have presented. I agree to abide by the terms of this Agreement including all applicable federal and state statutes, rules, and policies.
18. **Electronic Signatures.** Provider and HCA agree that each may treat executed faxes, scanned images, or photocopies as original documents.
19. **Signature Block.** If Provider is a legal entity other than a person, identify the organization in the first line of the signature block. The person signing this Core Provider Agreement on behalf of the Provider warrants that he/she has legal authority to bind Provider.

| PROVIDER LEGAL ENTITY NAME | | |
|---|---|---|
| SIGNATURE OF PROVIDER OR OWNER/MANAGER | TITLE | DATE |
| FULL NAME (PRINTED) | NPI | PROVIDER SPECIALTY |

For additional information on Provider Enrollment go to:
http://www.hca.wa.gov/medicaid/providerenroll/pages/enroll.aspx#provider
Questions? Toll-Free 1-800-562-3022, ext. 16137

**To fax:**
- Go to the New Provider Enrollment website at:
  http://www.hca.wa.gov/medicaid/providerenroll/pages/enroll.aspx#provider
- Click on "document submission cover sheet" link in step 4
- Follow directions on cover sheet

**To mail, send to:**
Provider Enrollment
PO Box 45562
Olympia, WA 98504-5562

3