HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| THOMAS E. PARKER, JR., QUI TAM PLAINTIFF for and on behalf of the United States of America and the State of Washington,<br><br>            Plaintiff,<br><br>    v.<br><br>SEA-MAR COMMUNITY HEALTH CENTER, a Washington Public Health Corporation,<br><br>            Defendant. | CASE NO. C18-5395RBL<br><br>ORDER |

THIS MATTER is before the Court on Defendant's Motion to Dismiss Third Amended Complaint [Dkt. #55]. The Court has reviewed the materials filed for and against the motion. Oral argument is not necessary. The Court wrote a comprehensive Order explaining why the Plaintiff's Second Amended Complaint was Dismissed [Dkt. #51]. The Court finds nothing new in the Third Amended Complaint which can save the Third Amended Complaint from the same fate. For the reasons stated below, the Motion to Dismiss Third Amended Complaint [Dkt. #55] is **GRANTED** and the claims are **DISMISSED WITH PREJUDICE**.

**A. Relator's Unbundling Claim Fails to Satisfy Rule 8, and the Relator Offers No New Arguments This Court Has Not Already Considered and Rejected.**

**1. Nothing in the statutes, regulations or Billing Guides requires a prophylaxis cleaning to occur during the same visit as a dental examination, and there are no plausible allegations of any false representation.**

Relator's Response reiterates—almost word for word—his prior argument in response to Sea Mar's Motion to Dismiss his second amended complaint (SAC), that a dental hygienist's services are "incidental" to a dentist's examination. However, this Court has already held that this argument is "both contrary to the definition of a dental encounter, and misplaced" and determined that "nothing in the statutes or regulations or Billing Guides generally requires the treatment or prevention of a dental problem (such as a cleaning) occur during the same visit as the administration of radiographs and a dentist's examination." April 28 Order at 13:13-15, 14:4-7. [Dkt. #41]. Indeed, "the FQHC Billing Guide makes clear which services must be billed together and when; similarly, it provides clearly when a service should be billed separately as fee-for-service." *Id*. at 14:8-10. Once again, it is telling that Relator has not alleged Sea Mar violated these guidelines.

It is also undisputed that Sea Mar must bill the procedure codes for each service rendered. Sea Mar asserted this argument in its prior dismissal motion as well, and Relator still does not argue to the contrary. Indeed, because HCA calculates the reimbursement amount by taking the difference between the encounter rate and the fee-for-service payment for the particular procedure code submitted, it *needs* the procedure codes in order to reimburse Sea Mar. Relator's conclusory assertion that Sea Mar has attempted to "conceal" the unbundling is thus nonsensical. There is no false representation as to what services were provided on what day.

2. **Relator's materiality and scienter assertions are conclusory and nonsensical.**

Relator has merely recycled his prior materiality and scienter arguments by cutting and pasting—with a few changed words—from Relator's response to Sea Mar's prior motion to dismiss. These arguments thus suffer the same flaws as before.

Significantly, Relator does not dispute that the bills clearly show which services were provided on which day nor does Relator allege that the government refused to pay any claims. As it did before, the Relator cannot adequately allege that the "unbundling" was material to the government's decision to pay. Relator previously tried to clear this hurdle by arguing the government's "knowledge of a fraud is…not a defense to an FCA claim" but now concedes "except to the extent it is pertinent to the issue of materiality." Under *Escobar*, "if the Government pays a particular claim in full despite its actual knowledge that certain requirements were violated, that is *very strong evidence that those requirements are not material*." *Universal Health Servs., Inc. v. United States ex rel. Escobar*, 136 S. Ct. 1989, 2003 (2016).

Relator, however, continues to speculate that HCA "is apparently unaware that Sea Mar is separating services" (Response at 7:2-3) and that "[h]ad the State of Washington known of Sea Mar's concealment, the claims would not have been paid" (Response at 7:3-4). But as explained above *and* in Sea Mar's motions to dismiss, *and* as reflected in the Court's April 28 Order, this speculation is implausible because the procedure codes for each service rendered are provided to and are apparent to HCA. *See* April 28 Order at 15:5-10. [Dkt. #51].

Relator's scienter argument is similarly conclusory and unpersuasive. It is recycled from Realtor's prior response brief to Sea Mar's motion to dismiss the SAC. The Court is confused by how the use of a dentist versus hygienist NPI code would make the dates of service of the prophylaxis cleanings and dental examinations any more or less apparent to HCA. Nor, does the dentist versus hygienist NPI code make any difference as to the encounter payment to Sea Mar.

**B. Relator's Standard of Care Claims Should Be Dismissed for Failure to Satisfy Rule 8.**

    **1. <u>FCA is an inappropriate vehicle for alleged standard of care violations.</u>**

As an initial matter, as reflected in this Court's April 28 Order, courts have repeatedly held that "'billing for medical services that do not meet the standard of care does not give rise to a [sic] FCA violation' because the FCA 'is an inappropriate vehicle for policing quality of care, which is better left to local regulation and enforcement.'" *See* April 28 Order at 16:12-15 [Dkt. #51] (citing *United States ex rel. Lockyer v. Hawaii Pac. Health*, 490 F. Supp. 2d 1062, 1076 (D. Haw. 2007)[10] and *United States ex rel. Dooley v. Metic Transplantation Lab, Inc*., No. CV 13-07039 SJO (JEMx), 2017 WL 4323142, at *26 (C.D. Cal. June 27, 2017)).

Relator attempts to distinguish *Lockyer* by arguing that it does not support Sea Mar's position. Relator offers no real explanation, except to claim that Washington has two specific administrative rules which require that a Medicaid provider meet the standard of care, making *Lockyer* distinguishable from this case. The regulations upon which Relator relies do not impose a standard of care for scheduling prophylaxis cleaning, as Relator claims. Accordingly, *Lockyer* controls, because Relator "does not point to a provision . . . that requires" scheduling of services be completed in accordance with any standard of care "in order to bill [Medicaid]." *See Lockyer,* 490 F. Supp. 2d at 1076.

Relator also argues that *Lockyer* has been implicitly overruled by *Escobar.* But nothing in *Escobar* is contrary to *Lockyer's* holding that a breach of standard of care allegation "by itself does not give rise to a[n] FCA claim." *Id. Cf., Escobar,* 136 S. Ct. at 2001. Indeed, *Escobar* supports that the FCA is not an appropriate vehicle for policing quality of care. *See id.*, 136 S. Ct. at 2004 ("We emphasize . . . that the False Claims Act is not a means of imposing treble damages and other penalties for insignificant regulatory . . . violations. This case centers on allegations of fraud, not medical malpractice.").

**C.  Relator's Unbundling and Standard of Care Claims Also Fail To Satisfy Rule 9(b)**

Beyond the single example involving L.C., Relator still has not alleged any other specific examples of unbundling, nor has he alleged any policy regarding unbundling. Relator's Unbundling and Standard of Care claims must be dismissed again for failure to satisfy Rule 9(b).

1. **The September 2016 "policy" is not an unbundling policy**

Relator asserts in his Response that "Sea Mar has formally adopted a policy that requires a dental examination by a dentist … on one day and the administration of prophylaxis dental cleaning on another day performed by a dental hygienist." Response at 7:21- 8:5. Relator's Response claims that this formal policy was announced in the September 1, 2016 email, and refers to his allegations at Third Amended Complaint (TAC) §§ XVI and XIX.

No matter how many times one reads the September 1, 2016 "Plan of Action" email, one will never find any reference to scheduling requirements for dental examinations or prophylaxis cleanings, much less any mention of unbundling the two procedures. *See* TAC Ex. 6. Indeed, the TAC describes the September 2016 "Plan of Action" as a policy for "billing for services provided solely by a dental hygienist under a dentist's NPI" (TAC § XIX) and "list[ing] a dentist as the provider of the service even when the service is performed by a dental hygienist" (TAC § XVI).

The Court is not persuaded by the argument. Relator's Unbundling Claim (and related Standard of Care Claim) are based entirely on one example, L.C.'s May 20, 2017 visit.

2. **Relator alleges only one example of a separate prophylaxis cleaning appointment for one patient—not 95% of Sea Mar's patients**

With no unbundling "policy" and no other specific examples of unbundling, Relator's argument that "every" patient's dental exam and prophylaxis cleaning are split (Response at 1:24-25), or that this has damaged "over 95% of Sea Mar patients" (Response at 6:10-11) are

without basis. As Sea Mar pointed out in its Motion, Relator's 95% figure appears to be based solely on the allegation that Dr. Davis (of Albuquerque, New Mexico) believes a separate prophylaxis appointment would only be medically necessary for 5% of all patients. Relator's Response does not contradict this. There are thus absolutely no factual allegations in the TAC that support a conclusion that 95% of Sea Mar's patients have separately scheduled prophylaxis cleanings.

### 3. Relator has not satisfied Rule 9(b) with respect to the Unbundling and Standard of Care Claims

Relator attempts to argue that he has sufficiently alleged the "who" "what" "where" "when" and "how" of the unbundling, but makes little effort to satisfy the standard set forth in this Court's April 28, Order. Response at 24:14-23. To the contrary, Relator's effort to describe how he has satisfied Rule 9(b) only draws attention to his failure to meet this standard.

For example, Relator argues he has sufficiently identified the "where" by generally alleging "Sea Mar's ninety healthcare clinics in Washington State." But this general allegation, unsupported by specific allegations, is directly contrary to the standard set forth in the case cited in the Court's April 28 Order, *United States ex rel. Jorgenson v. Alan Ritchey, Inc*. No. C01-588Z, 2007 WL 1287932, at *3 (W.D. Wash. Apr. 27, 2007) in which the court had dismissed the fraud allegations related to defendant's other locations as they were unsupported by specific allegations of fraud, explaining "alleged fraudulent activity at one [location] does not constitute an allegation for a different [location]." Similarly, although this Court expressly noted Relator's failure to "provide any dates, times…the relevant treatments were provided," (April 28 Order at 16) Relator argues conclusorily that "when" is sufficiently identified by the general period "from 2013" on. Response at 24:19-20. Relator argues he has sufficiently alleged the "who" by identifying "Sea Mar and their employees," including Dr. Narvaez, and Valerie Hubbard. But

1  nothing in the TAC alleges that Dr. Narvaez or Valerie Hubbard were involved in any unbundled

2  treatment on any particular date—rather they are referenced only in connection with the

3  September 2016 "Plan of Action" discussing NPI numbers—and "Sea Mar and their employees"

4  is hardly specific enough to "identify the dental hygienists or billing staff that were involved."

5  Once again, the argument is unavailing.

6      Relator's Unbundling and Standard of Care claims should therefore also be dismissed for

7  failure to satisfy Rule 9(b).

8  **CONCLUSION**

9      The Motion to Dismiss is **GRANTED**. Because Relator has now had four attempts to state

10  a plausible claim, and cannot do so, his claims are **DISMISSED WITH PREJUDICE**.

11      Dated this 13th day of August, 2020.

13  _____

14  Ronald B. Leighton
    United States District Judge